*Morey v. Windsong Radiology Group*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12ᵗʰ day of December, two thousand nineteen.

PRESENT:  BARRINGTON D. PARKER,
RICHARD J. SULLIVAN,
*Circuit Judges*,
KATHERINE POLK FAILLA,
*District Judge.* [*]

-----------------------------------------------------------------

ANDREA MOREY,

*Plaintiff-Appellant*,

v.                                                    No. 19-423-cv

WINDSONG RADIOLOGY GROUP, P.C. and
KAREN BLATTO,

*Defendant-Appellees.*

-----------------------------------------------------------------

[*]  Judge Katherine Polk Failla of the United States District Court for the Southern District of New York, sitting by designation.

FOR APPELLANT:            FRANK HOUSH, Esq., Housh Law
                         Offices, PLLC, Buffalo, New York.

FOR APPELLEES:           BENJAMIN M. ZUFFRANIERI, J.R.
                         (Spencer L. Durland *on the brief*),
                         Hodgson Russ LLP, Buffalo, New
                         York.

Appeal from a judgment of the United States District Court for the Western District of New York (William M. Skretny, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Andrea Morey appeals from a judgment of the Western District of New York (Skretny, *J.*) granting Defendants' 12(b)(6) motion to dismiss her claims of discrimination and retaliation under the Americans with Disability Act of 1990 ("ADA"), 42 U.S.C. § 12201 *et seq.*, and the New York State Human Rights Law ("NSHYRL"), Executive Law § 296 *et seq.*   On appeal, Morey, who is four feet five inches tall, alleges that her height constitutes a disability, that Defendants failed to provide a reasonable accommodation for her alleged disability, and that she was terminated in retaliation for requesting such a reasonable accommodation.   We

2

assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision.

We review the grant of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) *de novo*. *City of New York v. Beretta U.S.A. Corp.*, 524 F.3d 384, 392 (2d Cir. 2008), *cert. denied*, 556 U.S. 1104 (2009). We accept as true all factual allegations in the Complaint and draw all reasonable inferences in favor of the plaintiff. *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007). To survive a motion to dismiss, a plaintiff must allege enough "factual content that allows the court to draw the reasonable inference that the defendant is liable." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A pleading that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

I.

Morey alleges that her employer discriminated against her by refusing to provide a reasonable accommodation. *See* 42 U.S.C. § 12112(b)(5)(A) (defining discrimination under the ADA as including "not making reasonable accommodations to the known physical or mental limitations of an otherwise

3

qualified individual with a disability"). A claim for discrimination under the ADA is ultimately subject to the burden-shifting analysis established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *McBride v. BIC Consumer Prod. Mfg. Co.*, 583 F.3d 92, 96 (2d Cir. 2009). But to survive a motion to dismiss, Morey need only allege facts to support her prima facie case that "(1) [she] is a person with a disability under the meaning of the ADA; (2) an employer covered by the statute had notice of [her] disability; (3) with reasonable accommodation, [she] could perform the essential functions of the job at issue; and (4) the employer has refused to make such accommodations." *McMillan v. City of New York*, 711 F.3d 120, 125–26 (2d Cir. 2013); *see also Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2015).

As relevant here, the ADA defines "disability" as a "physical or mental impairment that substantially limits one or more major life activities of such individual" or "being regarded as having such an impairment." 42 U.S.C. § 12102(1). "Major life activities" include, among other things, caring for oneself, performing manual tasks, sitting, lifting, bending, concentrating, working, and thinking. 29 C.F.R. § 1630.2(i). Whether an impairment "substantially limits"

4

major life activities is to be "construed broadly," but "not every impairment will constitute a disability." *Id.* § 1630.2(j). Moreover, while Congress expanded the definition of "substantially limits" when it amended the ADA in 2008, the amendments did not render the term "impairment" limitless. *See B.C. v. Mount Vernon Sch. Dist.*, 837 F.3d 152, 160 n.7 (2d Cir. 2016) ("The ADA Amendments Act of 2008 . . . , while leaving untouched the general definition of 'disability' . . . did flesh out the previously undefined term 'major life activities.'"). The amendments did not diminish the importance of "distinguish[ing] between conditions that are impairments and physical, psychological, environmental, cultural and economic characteristics that are not impairments." *Francis v. City of Meriden*, 129 F.3d 281, 284 (2d Cir. 1997).

In her Complaint, Morey merely alleges that she is "well outside the normal range of height for adults," and that her "height is a physiological, musculoskeletal condition which substantially limits one or more of her major life activities." App'x 7. She then conclusorily states that she "suffers from a disability within the meaning of the ADA" that "substantially limits [her] major life activities." App'x 11. However, the only specific limitation she alleges is that she could not

5

"see or reach the [fluoroscope] controls or maneuver the equipment safely" when performing an HSG exam at a specific location. App'x 9–10. This is clearly not sufficient.

As Judge Lynch noted when he was on the district court, "a person's height is not ordinarily an 'impairment' covered as a disability by . . . the ADA." *Gowins v. Greiner*, No. 01 CIV. 6933 (GEL), 2002 WL 1770772, at *10 (S.D.N.Y. July 31, 2002). Plaintiff must allege further facts as to how her disability "substantially limits" her "major life activities" to plausibly state a claim. *See Iqbal*, 556 U.S. at 678 (holding that "[t]hreadbare recitals of the element of a cause of action" are insufficient to state a claim); *Kelleher v. Fred A. Cook, Inc.*, 939 F.3d 465, 468 (2d Cir. 2019) (explaining that, to state a claim under the ADA, "a plaintiff must plausibly allege 'that the plaintiff is a member of a protected class'"); *see also Hale v. King*, 642 F.3d 492, 500 (5th Cir. 2011) (finding that a plaintiff fails allege a disability under the ADA if he "has failed to allege that his condition[] substantially limited him in his performance of a major life activity"). Because Morey's Complaint is bereft of such detail, the district court properly dismissed her Complaint for failure to

6

accommodate based on her "threadbare" assertion that she suffers from a disability.

II.

Morey also alleges that Defendants retaliated against her by harassing and terminating her because she requested a reasonable accommodation. As we have previously held, even though Morey has not alleged she has an actual disability under the ADA, this does not necessarily doom her retaliation claim so long as she has a "good faith, reasonable belief that the underlying challenged actions of the employer violated [the ADA]." *Sarno v. Douglas Elliman-Gibbons & Ives, Inc.*, 183 F.3d 155, 159 (2d Cir. 1999) (quotation marks omitted).

"Claims for retaliation [under the ADA] are analyzed under the same burden-shifting framework established for Title VII cases." *Treglia v. Town of Manlius*, 313 F.3d 713, 719 (2d Cir. 2002). Thus, "[i]n order to establish a prima facie case of retaliation, [a plaintiff] must show that: (1) [s]he engaged in an activity protected by the ADA; (2) the employer was aware of this activity; (3) the employer took adverse employment action against [her]; and (4) a causal connection exists between the alleged adverse action and the protected activity."

*Id.*  Requesting a reasonable accommodation is a protected activity under the ADA.  *Weixel v. Bd. of Educ. of City of New York*, 287 F.3d 138, 149 (2d Cir. 2002). A "'reasonable accommodation' is one that gives the otherwise qualified plaintiff with disabilities 'meaningful access' to the program or services sought." *Henrietta D. v. Bloomberg*, 331 F.3d 261, 282 (2d Cir. 2003).  Nevertheless, a "reasonable accommodation" cannot "mean elimination of any of the job's essential functions."  *Gilbert v. Frank*, 949 F.2d 637, 644 (2d Cir. 1991).

In her Complaint, Morey alleges that she was initially provided a stool to use the fluoroscope, which she "never complained about," and that "she [did not] ask for any other accommodation."  App'x 9.  Morey alleges that she then had additional trouble with the HSG exams, and that she had a meeting with Windsong's management, during which she "requested a reasonable accommodation of assistance in operating the fluoroscope because of her height limitations."  App'x 10.  But nowhere does Morey indicate what that "reasonable accommodation" was or how it was conveyed to Windsong. Instead, Morey merely told Windsong that "she was concerned for her and her patients' safety when she operated this machine because she was unable to see or

8

reach the controls or maneuver the equipment safely," and that she was concerned about "using a step-stool and platform to reach the controls, as this arrangement was unstable." *Id.* Apparently, the only accommodation discussed or even identified was an arrangement whereby Morey would "leave the HSG exams to the other technicians." *Id.* But, during oral argument on appeal, Morey conceded that using a fluoroscope was an "essential function" of her job. In light of that concession, we agree with the district court that Morey has failed to allege a request for a reasonable accommodation, and that her retaliation claim fails. *See Gilbert*, 949 F.2d at 644.

## III.

Morey next argues that the district court abused its discretion in not allowing her leave to replead. Ordinarily, we review the denial of a motion to amend a complaint for abuse of discretion. *In re Lehman Bros. Mortg.-Backed Sec. Litig.*, 650 F.3d 167, 188 (2d Cir. 2011). Here, however, Morey never actually requested leave to file an amended complaint in the district court. In her reply to Defendants' motion to Dismiss, Morey merely asked that the district court "deny

9

Defendants' Motion to Dismiss Plaintiff's Complaint, and grant such further relief as the Court deems proper." (17-cv-968 Doc. No. 13-5.)

Clearly, the district court did not abuse its discretion in declining to *sua sponte* allow Morey leave to file an amended complaint. "While leave to amend under the Federal Rules of Civil Procedure is 'freely granted,' *see* Fed.R.Civ.P. 15(a), no court can be said to have erred in failing to grant a request that was not made." *Gallop v. Cheney*, 642 F.3d 364, 369 (2d Cir. 2011); *see also Parisi v. Coca-Cola Bottling Co. of New York*, 172 F.3d 38 (2d Cir. 1999) ("In light of the fact that [plaintiff] did not seek leave to file an amended complaint by formal motion, in his papers in opposition to defendant's motion to dismiss, or by way of a motion for reconsideration, we do not find that the district court abused its discretion in not *sua sponte* granting leave to replead."). Accordingly, Morey has failed to show error on the part of the district court.

IV.

Finally, having determined the federal claims did not survive the motion to dismiss, the district court appropriately declined to exercise supplemental jurisdiction over Morey's state law claims, *Kolari v. N.Y.-Presbyterian Hosp.*, 455

F.3d 118, 122 (2d Cir. 2006) (quoting 28 U.S.C. § 1367(c)(3)), and Morey does not argues otherwise.

We have considered Morey's remaining arguments and conclude that they are without merit.   For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

11